UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER TRENTADUE,

                Appellant,

v.

JULIE GAY,

                Appellee.

Case No. 15-CV-388-JPS

ORDER

---

      This bankruptcy appeal has a long and complicated history, dating back to a 2007 divorce proceeding in Waukesha County. The debtor-appellant, Christopher Trentadue, and his ex-wife divorced in 2007. *In re Trentadue*, 527 B.R. 328, 330 (Bankr. E.D. Wis. 2015) (opinion below). After their divorce was final, the two engaged in a bitter and drawn-out fight involving disputes over custody, placement, and support of their children. *See id.* Apparently, Mr. Trentadue was the primary aggressor in these disputes, resulting in wasted time and excessive legal fees. (*See* Docket #3 at 31–51 (May 16, 2013 written decision of Waukesha County Circuit Court in underlying divorce action, describing Mr. Trentadue's litigation tactics)). Thus, as a result of Mr. Trentadue's "overtrial" of the issues in the case, the Waukesha County Circuit Court ordered Mr. Trentadue to pay $25,000.00 directly to his ex-wife's attorney, claimant-appellee Julie Gay. (Docket #3 at 50).

      Mr. Trentadue never paid that amount to Ms. Gay; instead, he filed a chapter 13 bankruptcy petition. *See In re Trentadue*, 527 B.R. at 331. Ms. Gay filed her $25,000.00 claim in relation thereto, and in doing so specified that the claim was a priority domestic support obligation ("DSO") under 11 U.S.C. § 507(a)(1), and thus excepted from discharge and also entitled to

priority. *Id.* Mr. Trentadue objected to Ms. Gay's claim, arguing that it should not be classified as a DSO. *Id.* Ultimately, the presiding bankruptcy judge sided with Ms. Gay and, thus, allowed the $25,000.00 claim as a DSO. *Id.* at 335.[1]

Mr. Trentadue has appealed that ruling. (*See* Docket #1). On appeal, he maintains that Ms. Gay's $25,000.00 claim cannot be classified as a DSO. (*See* Docket #6, #12).[2]

So, what qualifies as a DSO? The term "domestic support obligation" or "DSO" is defined by 11 U.S.C. § 101(14A) as:

> a debt that accrues before, on, or after the date of the order of relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
>     (A)    owed to or recoverable by—
>
>             (i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>             (ii)    a governmental unit;

---

[1] Ms. Gay's claim and Mr. Trentadue's related objection remained pending while Mr. Trentadue appealed the underlying award against him. The Wisconsin Court of Appeals affirmed the award and declined Mr. Trentadue's motion for reconsideration, whereafter the Wisconsin Supreme Court denied Mr. Trentadue's petition for review. *See In re Trentadue*, 527 B.R. at 331.

[2] There is no question that DSOs are entitled to first priority, 11 U.S.C. § 507(a)(1)(A). Accordingly, *if* Ms. Gay's $25,000.00 can properly be classified as a DSO, *then* the bankruptcy court correctly allowed it as a priority claim.

- (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

- (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

  - (i) a separation agreement, divorce decree, or property settlement agreement;

  - (ii) an order of a court of record; or

  - (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

- (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

Both the bankruptcy court and Mr. Trentadue (now, on appeal) have focused on the second of those requirements: that the debt be "in the nature of alimony, maintenance, or support." *See In re Trentadue*, 527 B.R. at 332; (Docket #6 (focusing solely on whether Ms. Gay's claim is in the nature of

support)).³ The bankruptcy court determined that the fee award against Mr. Trentadue was, in fact, "in the nature of support." *See In re Trentadue*, 527 B.R. at 333–35. Mr. Trentadue disagrees, asserting the Waukesha County Circuit

---

³This is an interesting tactic, because there is also at least a colorable argument that Ms. Gay might not satisfy the first requirement of 11 U.S.C. § 101(14A)(A). That first requirement provides that, to qualify as a DSO, a debt must be "owed to or recoverable by…a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative." 11 U.S.C. § 101(14A)(A)(i). Ms. Gay does not appear to satisfy any of those categories—she is not Mr. Trentadue's spouse, former spouse, or child; nor is she the parent, legal guardian, or responsible relative of Mr. Trentadue's child.

Now, to be sure, the Waukesha County Circuit Court ordered that Mr. Trentadue "contribute $25,000.00 toward [his ex-wife]'s attorney fees." So, perhaps, the debt is, in fact, owed to Mr. Trentadue's former spouse (despite the direction that the award be paid directly to Ms. Gay). But, if that is the case, then shouldn't the ex-wife—as opposed to the ex-wife's attorney—be the claimant?

Nonetheless, assuming that Mr. Trentadue owes the debt to Ms. Gay directly, that may not ultimately pose a problem to Ms. Gay's position. Courts from this circuit have come down on both sides of the issue of whether debts owed to third parties can qualify as DSOs. *See, e.g.*, *Levin v. Greco*, 415 B.R. 663, 666-67 (N.D. Ill. 2009) (listing cases that classify debts to third parties as DSOs, but citing all pre-BAPCPA cases) (citing *In re Spong*, 661 F.2d 6 (2d Cir. 1981) (excepting attorneys' fees of debtor's spouse); *In re Maddigan*, 312 F.3d 589, 594 (2d Cir. 2002); *In re Dvorak*, 986 F.2d 940 (5th Cir. 1993) (both attorneys' fees of debtor's spouse and fees of guardian *ad litem*); *In re Kline*, 65 F.3d 749 (8th Cir. 1995) (attorneys' fees of debtor's spouse); *In re Miller*, 55 F.3d 1487 (10th Cir. 1995) (fees of guardian *ad litem*); *In re Chang*, 163 F.3d 1138 (9th Cir. 1998) (both attorneys' fees of spouse and fees of guardian *ad litem*)); *In re Bobinski*, 517 B.R. 900, 904-05 (Bankr. N.D. Ind. 2014) (disagreeing with the analysis in *Levin*).

This is an interesting question—and one that will, hopefully, be resolved; but this is not the case in which to resolve it. Mr. Trentadue failed to raise the issue below (*see* Docket #3 at 19–29) and also failed to assert it in this appeal (*see, e.g.*, Docket #6, #12). Thus, he failed to preserve the issue and the Court will not address it. *See, e.g.*, *In re Airadigm Comm's, Inc.*, 616 F.3d 642, 653 (7th Cir. 2010); *In re Kroner*, 953 F.2d 317, 319 (7th Cir. 1992).

Court had a single intention in issuing the award: to punish him. (*See, e.g.*, Docket #6 at 5–18). Accordingly, in Mr. Trentadue's opinion, the award could not have been in the nature of support, and, therefore, the bankruptcy court erred in reaching its decision. (*See, e.g.*, Docket #6 at 5–18).

To prevail on appeal, Mr. Trentadue must demonstrate that the bankruptcy court *clearly* erred in finding that the award was in the nature of support. That is so for two reasons. First, on appeal, the Court reviews the bankruptcy court's factual findings for clear error. *In re Marcus-Rehtmeyer*, 784 F.3d 430, 436 (7th Cir. 2015) (citing *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014)). Second, though the Seventh Circuit has not held as much, other courts have held that the question of whether a debt constitutes a domestic support obligation is one of fact. *See, e.g.*, *In re Phegley*, 443 B.R. 154, 156 (B.A.P. 8th Cir. 2011) (citing *In re Tatge*, 212 B.R. 604, 608 (8th Cir. B.A.P. 1997); *In re Kline*, 65 F.3d 749, 750 (8th Cir. 1995); *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *In re Williams*, 703 F.2d 1055, 1056 (8th Cir. 1983)); *Prensky v. Clair Greifer LLP*, 2010 WL 2674039, at *3 (D.N.J. June 30, 2010); *In re Duffy*, 344 B.R. 237, 242 (S.D.N.Y. 2006); *In re Clark*, 441 B.R. 752, 755 (Bankr. M.D.N.C. 2011) (calling DSO determination a "fact specific inquiry") (citing *In re Catron*, 164 B.R. 912, 916 (E.D.Va. 1994), *aff'd*, 43 F.3d 1465 (4th Cir. 1994)).

This is a high bar for Mr. Trentadue to meet. To find clear error, the Court must be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1104 (7th Cir. 2013). This will be the case when "the [bankruptcy] judge's interpretation of the facts is implausible, illogical, internally inconsistent or contradicted by documentary or other extrinsic evidence." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013)

(internal quotation omitted) (citing *EEOC v. Sears Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988); *Ratliff v. City of Milwaukee*, 795 F.2d 612, 617 (7th Cir. 1986)). But, so long "as the [bankruptcy] court's conclusions are 'plausible in light of the record viewed in its entirety,' [the Court] will not disturb them." *Reynolds*, 737 F.3d at 1104 (quoting *Fyrnetics (Hong Kong) Ltd. v. Quantum Grp., Inc.*, 293 F.3d 1023, 1028 (7th Cir. 2002)).

The bankruptcy court's task was to examine the Waukesha County Circuit Court's order awarding fees to determine the "intent" behind it. 8B C.J.S. Bankruptcy § 1073 ("Whether particular obligation under divorce judgment is in nature of 'domestic support obligation,' as that term is used in the Bankruptcy Code, depends not on the label attached to obligation, but on purpose that it was intended to serve by court that fashioned it.") (citing In re Angelo, 480 B.R. 70 (Bankr. D. Mass. 2012)); *see also Estate of Mayer v. Hawe*, 303 B.R. 375, 377 (E.D. Wis. 2003) ("in determining whether a debt constitutes support…, a court must determine whether the debt was created for the purpose of protecting the debtor's family."). The bankruptcy court listed three factors that can be used to ascertain the intent of a state court:

> (1) the language and substance of the order or agreement in the context of the surrounding circumstances, using extrinsic evidence if necessary; (2) the parties' financial circumstances at the time of the order or agreement; and (3) the function served by the obligation at the time of the order or agreement.

*Trentadue*, 527 B.R. 333–335 (citing Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code* ¶ 6.04[2] (1991, Suppl. 2014); 9D Am. Jur. 2d Bankruptcy § 3646 (updated Aug. 2014)).

It then considered the facts in relation to those factors. In perhaps the most relevant passage from its order, the bankrupcty court stated:

> Sometimes the court's intent in creating an obligation is not clear and must be inferred from surrounding circumstances that gave rise to the obligation. Not so here. The state court ordered the debtor to contribute $25,000.00 toward his ex-wife's attorney's fees because of his "overtrial," and the judge went into considerable detail faulting the debtor for his conduct leading up to the litigation and in the litigation itself. The debtor now wishes to take advantage of the judge's focus on his bad acts by having the award declared a non-DSO, intended as punishment rather than for the support of anyone. He does not dispute, however, that the fees were incurred in litigation relating to the care, custody, and welfare of the minor children of the marriage, although most of the issues litigated were noneconomic. Accordingly, this award was not "punishment," as the debtor tries to characterize it. That might have been the case if, for example, the debtor was sanctioned solely for disruptive behavior in court or withholding documents from discovery. However, this award was directly related to his unnecessarily protracted litigation over the welfare of his children and the detrimental effect of his conduct on them. The purpose was to compensate for the harm he had done, but it was not punishment per se.

*Trentadue*, 527 B.R. at 333–34. The bankruptcy court went on to note that the Waukesha County Circuit Court did not reference the financial resources of Mr. Trentadue and his ex-wife, but found that to be non-dispositive. *Id.* at 334. The bankruptcy went on to find that the Waukesha County Circuit Court's order did "not go so far into the realm of pure punishment," that it could not be considered in the nature of support. *Id.* at 335.

None of those findings are clearly erroneous. To begin, the bankruptcy court was correct that the award against Mr. Trentadue related to fees "incurred in litigation relating to the care, custody, and welfare of the minor children of the marriage." *Id.* at 333. The bankruptcy court also considered but discounted the fact that the Waukesha County Circuit Court did not discuss the parties' respective finances; that was permissible, because the test

for intent is not clearly defined in the law—at most, it involves consideration of *factors. See, e.g., Trentadue*, 527 B.R. 333–335 (describing three factors) (citing Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code* ¶ 6.04[2] (1991, Suppl. 2014); 9D Am. Jur. 2d Bankruptcy § 3646 (updated Aug. 2014))*; In re Nolan*, 2010 WL 3926870 *2 (D. Minn. 2010) (describing other factors to be considered). Finally, the bankruptcy court's finding that the award was not "pure punishment" or was not "punishment per se" was not clearly erroneous. While the Waukesha County Circuit Court certainly was very critical of Mr. Trentadue's actions—even finding certain actions to be a clear case of contempt (Docket #3 at 41)—it ultimately did *not* hold him in contempt, and instead issued an award against him for "overtrial." As the Court will discuss further, overtrial awards can be issued on the basis of compensating a party for fees incurred in response to its opposing party's overlitigation. In short, the Court cannot identify any errors (let alone clear errors) in the bankruptcy court's determination that the fee award was in the nature of support.

Perhaps Mr. Trentadue is arguing that the bankruptcy court should have used another set of factors to determine the intent of the Waukesha County Circuit Court, but that argument goes nowhere because the factors he lists come from cases that are merely persuasive. (*See* Docket #6 at 13–14 (citing to cases from the Eighth Circuit regarding other factors used to determine intent)).

Mr. Trentadue *does* argue that "the Bankruptcy Court's legal conclusions as to whether the state court doctrine of overtrial can lead to an award that is in the nature of support." (Docket #6 at 1, 7–8). The Court understands him to be arguing that any award for overtrial *per se* cannot be in the nature of support. It is not clear why that would be the case. "The

policy underpinning an overtrial attorney's fees award is to compensate the overtrial victim for fees unnecessarily incurred because of the other party's litigious actions." *Johnson v. Johnson*, 199 Wis. 2d 367, 377, 545 N.W.2d 239, 243 (Ct. App. 1996) (citation omitted); *Ondrasek v. Ondrasek*, 126 Wis. 2d 469, 484, 377 N.W.2d 190, 196 (Ct. App.1985) ("As a matter of sound policy, an innocent party who is the victim of 'overtrial' should not be burdened with the payment of extra and unnecessary attorney fees occasioned by the other party."). In other words, overtrial awards *are not* intended solely (or even primarily) to punish, but instead are directed at compensating a party who has suffered an opposing party's overlitigation. So long as that overlitigation occurred in relation to a proceeding regarding a child's welfare—as was the case here—it is not clear why an award to compensate therefor could *per se* not be in the nature of support.

Finally, the Court points out that most other courts to have considered the issue of whether attorney fees incurred in litigation related to a child's welfare are in the nature of support. *See, e.g.*, *Macy v. Macy*, 114 F.3d 1 (1st Cir. 1997); *In re Maddigan*, 312 F.3d 589, 594 (2d Cir. 2002); *In re Peters*, 964 F.2d 166, 167 (2nd Cir. 1992); *In re Hudson*, 107 F.3d 355, 357 (5th Cir. 1997); *Rogers v. Morin*, 189 F. App'x 299, 302 (5th Cir. 2006); *In re Dvorak*, 986 F.2d 940, 941 (5th Cir. 1993); *In re Rehkow*, 2006 WL 6811011, at *3-4 (B.A.P. 9th Cir. Aug. 17, 2006) *aff'd*, 239 F. App'x 341 (9th Cir. 2007); *In re Catlow*, 663 F.2d 960, 963 (9th Cir. 1981); *In re Miller*, 55 F.3d 1487, 1490 (10th Cir. 1995); *In re Jones*, 9 F.3d 878, 882 (10th Cir. 1993); *In re Ratcliff*, 195 B.R. 466, 468 (Bankr. C.D. Cal.1996); *In re Gionis*, 170 B.R. 675, 683 n. 11 (9th Cir. B.A.P. 1994), *aff'd* 92 F.3d 1192 (9th Cir. 1996); *Prensky v. Clair Greifer LLP*, 2010 WL 2674039 (D.N.J. June 30, 2010); *In re Johnson*, 445 B.R. 50, 58-60 (Bankr. D. Mass. 2011);

*In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *In re Andrews*, 434 B.R. 541 (Bankr. W.D. Ark. 2010); *In re Papi*, 427 B.R. 457 (Bankr. N.D. Ill. 2010); *In re Sullivan*, 423 B.R. 881 (Bankr. E.D. Mo. 2010); *In re Fricke*, 2010 WL 5475808 (Bankr. N.D. Ill. Dec. 30, 2010). Thus, here, where the award was based upon "findings of overtrial" and Mr. Trentadue was ordered "to contribute $25,000.00 toward [his ex-wife]'s attorney fees," it seems clear that the award is readily classifiable as being in the nature of support.

In short, the Court cannot find any factual or legal errors in the bankruptcy court's order.

Accordingly,

IT IS ORDERED that the decision of the bankruptcy court be and the same is hereby AFFIRMED; and

IT IS FURTHER ORDERED that this appeal be and the same is hereby DISMISSED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2015.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 10 of 10

Case 2:15-cv-00388-JPS   Filed 08/31/15   Page 10 of 10   Document 13